IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OPTIUM CORPORATION,  )
       )
    Plaintiff,  )
       )
    vs.  )   Civil Action No. 07-1683
       )
EMCORE CORPORATION and  )
JDS UNIPHASE CORPORATION,  )
       )
    Defendants.  )

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

Defendants, Emcore Corporation and JDS Corporation, filed a Motion to Dismiss the Amended Complaint and to Strike Jury Demand. (Docket No. 24). Therein, Defendants assert that Plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction under 28 U.S.C. §2201. *Id.* Alternatively, Defendants request that the jury demand be stricken because Plaintiff's claim allegedly sounds exclusively in equity, to which there is no right to a jury trial. (Docket No. 42). Briefing on the issues is complete. After careful consideration of the issues and based on the reasoning set forth below, the Motion to Dismiss (Docket No. 24) is denied and the alternative Motion to Strike Jury Demand (Docket No. 24) is granted.

Courts have an "ever-present obligation" to find subject matter jurisdiction. *Liberty Mutual Ins. Co. v. Ward Trucking Corp.,* 48 F.3d 742, 750 (3d Cir. 1995). I have discretion in determining whether to accept or dismiss a case pursuant to the Declaratory Judgment Act. 28 U.S.C. §2201(a). In applying this standard to the instant case, I decline to dismiss the matter. First, there is already an ongoing related matter. Thus, judicial economy weighs in favor of retaining the case.

Second, I do not find, as Defendants argue, that Plaintiff's action undermines my order in the related matter wherein I did not permit them to Amend its Answer. This Court's denial of leave to amend in the related action does not preclude the assertion of Plaintiff's inequitable conduct

claims in the present action. Thus, it is not prohibited "claim splitting."

Finally, in its Reply Memorandum, Defendants raise for first time the issue of whether there is an "actual case or controversy." (Docket No. 40, pp. 2-3). In three sentences, Defendants simply conclude that the instant action is not an independent action and that there is no cause of action for inequitable conduct. *Id.* I disagree. For a declaratory judgment action based on unenforceability due to inequitable conduct to exist, there must be an "actual controversy."

> The Supreme Court has not articulated a bright-line rule for distinguishing those cases that satisfy the actual controversy requirement from those that do not. Indeed, it has stated that "[t]he difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). Instead of fashioning a precise test, the Supreme Court has required only that the dispute be " 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2007) (*quoting Aetna*, 300 U.S. at 240-41, 57 S.Ct. 461). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas.*, 312 U.S. at 273, 61 S.Ct. 510.

*Sony Electronics, Inc. v. Guardian Media Technologies, Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007). Here, there can be no question that the underlying case brought by Defendants against Plaintiff provides the basis for the "actual controversy." Consequently, I reject this conclusory argument. As a result, Defendants' Motion to Dismiss (Docket No. 24) is denied.

In the alternative, Defendants request that I strike the jury demand because this is a case of inequitable conduct and "'inequitable conduct' is an equitable doctrine, to which no Seventh Amendment jury-trial right attaches." (Docket No. 25, p. 6). In response, Plaintiff states that it "does not contend that parties have a right to a jury trial on equitable claims." (Docket No. 37, p. 9). Yet, Plaintiff requests that I reserve ruling on the matter until time of trial because additional issues may arise that may benefit from the attention of a jury. *Id.* I decline to adopt this

suggestion. Plaintiff acknowledges that it does not have a right to a jury trial on its equitable claims. *Id.* Thus, the alternative Motion to Strike Jury Demand (Docket No. 24) is granted.

THEREFORE, this 15th day of May, 2008, upon consideration of Defendants' Motion to Dismiss and to Strike Jury Demand (Docket No. 24) it is ordered as follows:

1. Defendants' Motion to Dismiss is denied; and

2. Defendants' Motion to Strike Jury Demand is granted and is hereby stricken.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge